# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

BRANDON BRAZLE, and
SHANTIA BRAZLE,

    Plaintiff,

v.                                                CASE NO: 19-cv-12881
                                                  District Judge Paul D. Borman
                                              Magistrate Judge Anthony P. Patti

CITY OF FLINT, KRISTOPHER JONES,
KEITH URQUHART, TERRY VANKUEREREN JR.,
RANDY MATTESON, CODY JOHNSON,
MICHAEL HENIGE, DION REED,
QUION WHEELER, and NICOY EDWARDS,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386 (248) 886-8650<br>shawn.cabot@cjtrainor.com | |
|---|---|

### ORDER DENYING MOTION TO COMPEL DEPOSITION WITHOUT PREJUDICE (ECF No. 74) AND REPORT AND RECOMMENDATION TO: GRANT MOTION FOR SANCTIONS (ECF No. 82), DISMISS ALL CLAIMS BROUGHT BY PLAINTIFF SHANTIA BRAZLE FOR HER FAILURE TO ABIDE BY DISCOVERY ORDERS, FAILURE TO SIT FOR A DEPOSITION AND FAILURE TO PROSECUTE

## I.  Recommendation

The Court should grant Defendants Jones, Urquhart, Wheeler, Edwards, Reed and Matteson's motion for sanctions (ECF No. 82), as joined in by all other individual defendants (ECF Nos. 84 & 85), and dismiss all claims brought by Plaintiff Shantia Brazle.

## II.  Report

### A.  Current motion and status of the case

Plaintiffs Brandon and Shantia Brazle brought this 1983 case against the City of Flint and its various police officers, claiming brutality. (ECF No. 1.)  Brandon Brazle has recently accepted an offer of judgment as to all claims brought by him, thus ending his case. (ECF No. 88.)  He and his wife, Plaintiff Shantia Brazle, were originally represented by the same law firm, Christopher Trainer and Associates. These attorneys were subsequently given permission to withdraw from representing Shantia Brazle, after explaining to the Court that she "failed to appear for her duly noticed deposition and has failed to answer discovery propounded upon her; and has otherwise failed to communicate with her attorneys regarding same." (ECF No. 54, PageID.531; ECF No. 55.)   She has thus preceded *in pro per* since April 3, 2020.

Shantia Brazle's former attorney explained to the Court at the June 24, 2020 hearing held on the instant motions that she is presently "estranged" from her husband. Utilizing the last known contact information, which was graciously provided by her former counsel to all counsel of record, neither the Court nor defense counsel have been able to reach or obtain a response from her. (ECF No. 91.) The Court's directives to her have gone unheeded. Defendants Jones, Urquhart, Reed, Wheeler, Matteson and Edwards filed their motion for sanctions two weeks after mailing Ms. Brazle a letter to two different addresses provide by her former counsel, as well as an email address, and yet received no response. (*Id.* at PageID.778, ¶¶ 6-7; *see also* ECF No. 91-1 & 91-2.)

### B. Failure to participate in discovery or obey Court orders

On February 13, 2020, three weeks before her March 20, 2020 deposition was to take place, Shantia Brazle's then counsel was served with a notice for her deposition. (ECF No. 74-1.) As Defendants now claim, and as has been confirmed by her former counsel's motion to withdraw, she failed to appear for her deposition without explanation. As a named plaintiff, this alone would permit the Court to dismiss her action. Fed. R. Civ. P. 37(d)(3). On April 7, 2020, Judge Hluchaniuk recounted and ordered:

> These defendants served interrogatories and requests for production to the
> plaintiffs that were due March 11, 2020. (*Id.* at PageID.496). Plaintiff Shantia

> Brazle did not respond or object to the discovery requests. In response, plaintiffs' counsel acknowledges that responses were due March 11, 2020, but states that Shantia Brazle has not made any contact with her attorneys (despite the attorneys' "exhaustive efforts") and has not provided responses to the discovery requests. (ECF No. 53, PageID.525).
>
> \*\*\*\*\*
>
> Plaintiff Shantia Brazle is also **ORDERED** to provide her contact information to the Court, as required by Local Rule 11.2 by **April 28, 2020. Failure to provide updated contact information may result in sanctions, including a recommendation that her case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).**

(ECF No. 59, PageID.580-581) (emphases in original).

On May 27, 2020, Judge Hluchaniuk issued another order, which stated in pertinent part:

> In light of plaintiff Shantia Brazle's failure to file a response, defendants' motion to compel is **GRANTED**. The court has reviewed the interrogatories; they appear reasonable and within the bounds of discovery. Ms. Brazle's responses to the interrogatories and requests for production must be served on the defendants no later than **June 24, 2020. Failure to provide responses to the discovery may result in sanctions, including any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A).**
>
> As for the directive to Ms. Brazle to provide contact information, as the Court did in the first instance, the Court again warns her that **Failure to provide updated contact information may result in sanctions, including a recommendation that her case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).** Ms. Brazle will have until **June 17, 2020** to provide her contact information to the Court.

(ECF No. 73, PageID.633-634) (emphases in original). Ms. Brazle has failed to provide the contact information to the Court or answer the interrogatories and

4

document requests, as ordered.[1]  The Court has also learned that she has failed to answer requests to admit that were served on April 20, 2020. (ECF Nos. 82, PageID.670, 678, 82-1, PageID.684.)  Thus, to summarize, Ms. Brazle:

- was ordered to answer interrogatories and document requests, but failed to do so, defense counsel confirming by supplemental brief that, as of July 6, 2020, Ms. Brazle has provided no response or communication of any kind, by any means, with respect to the outstanding discovery (ECF No. 92, PageID.785, ¶¶ 2 & 3.)

- was ordered to update her mailing address, but failed to do so

- was ordered to supply a supplemental brief, but failed to do so

---

[1] Plaintiff also failed to file a supplemental response, as ordered.  Although Judge Hluchaniuk's order also stated that, "Until the Court receives Shantia Brazle's contact information, it will mail orders to the address provided in her former counsel's certificate of service of the order granting the motion to withdraw at docket no. 57[,]" and did so with respect to ECF Nos. 59 & 73, the Court acknowledges that it failed to do so with respect to the hearing notice for the instant motion, instead simply utilizing the CM/ECF notification system, which essentially gave notice to her former counsel. But this is inconsequential, because the motions themselves were served upon her at the address appearing at ECF No. 57 (3001 Hampstead Drive, Flint, MI 48506). (ECF Nos. 82,PageID.682 & 74, PageID.649.)  She did not respond to either of the motions.  "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1).  A response to a motion to compel discovery must be filed within 14 days after service of the motion. E.D. Mich. LR 7.1(e)(2)(8).  Moreover, the Court's most recent text order was sent to Plaintiff at the Hampstead Drive address, and this also did not manage to prompt any inquiry or action from her.

- was twice warned that sanctions, including dismissal, could result from a failure to comply with the above-quoted court orders

- failed to answer requests to admit

- failed to appear for her deposition

- has gone *incommunicado* with the Court and with all of the attorneys in this case, including her former counsel

Accordingly, the sanction of dismissal is warranted as to all of her claims under Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to obey a discovery order and under Rule 37(d)(3) for failure to attend her own deposition. As suggested by Defendants, involuntary dismissal of her claims with prejudice is also appropriate under Rule 41(b) for failure "to prosecute or to comply with these rules or a court order…." The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586,

6

589 (6th Cir. 2001)). Although none of the factors is "'outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, Ms. Brazle's failure to provide discovery appears to be willful, her adversaries are clearly prejudiced by her conduct since they are unable to prepare their respective defenses against her, she was warned that her failure to cooperate could result in dismissal, and she was previously ordered to supply the discovery in lieu of this most drastic sanction. The Court is convinced that, perhaps in light of her estrangement from her husband and co-plaintiff, Ms. Brazle has no intention of prosecuting this case and that it would be a waste of the parties' time and money to order her to appear for a deposition at this time, as the likelihood of her either appearing or obeying a court order is just about nil. Moreover, the process of documenting and then adding her failure to obey a court order to appear for her deposition as an *additional* basis for dismissal is unnecessary, would run afoul of judicial economy and be inconsistent with Rule 1's admonition for the Court to administer and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It is, therefore, recommended that ECF No. 82 (as joined in by all other individual defendants in ECF Nos. 84 & 85) be **GRANTED** and that

Plaintiff Shantia Brazle's claims be **DISMISSED IN THEIR ENTIRETY WITH PREJUDICE**.

### III.  ORDER REGARDING ECF No. 74 and Requests to Admit

In light of the above recommendation and the need to avoid the waste of time, money and effort likely to occur if defense counsel were again put through the paces of setting up a deposition only to have Ms. Brazle predictably not appear, the motion to compel her deposition is **DENIED WITHOUT PREJUDICE,** as moot and unnecessary. In the event that the Court does not accept the above recommendation, the parties may seek an immediate order from the Undersigned requiring Ms. Brazle's deposition.  Finally, Defendants' Jones, Urquhart, Reed, Wheeler, Matteson and Edwards's requests to admit that were served upon Shantia Brazle on April 3, 2020 are hereby **DEEMED ADMITTED** pursuant to Fed. R. Civ. P. 36(a)(3).

### IV.  PROCEDURE ON OBJECTIONS

#### A.  Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### B. Order on Discovery Motions

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: July 6, 2020           s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE